IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| ARTHUR FAMULINER and RUSS MAPES, o/b/o himself and others similarly situated, et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 19-00060-CV-W-ODS |
| vs. | ) ) ) | |
| WALMART INC., et al., | ) ) | |
| Defendants. | ) | |

### ORDER AND OPINION (1) GRANTING PARTIES' JOINT MOTION TO STAY, (2) PRELIMINARILY APPROVING PROPOSED CLASS ACTION SETTLEMENT, AND (3) SETTING FINAL FAIRNESS HEARING

Pending are the parties' joint motion to stay (Doc. #22) and joint motion for preliminary approval of a class action settlement reached between Plaintiffs and Defendants (Doc. #23). The Court has carefully reviewed the parties' filings in this matter, including but not limited to the pending motions and suggestions in support of the motions (Docs. #22-24), the Settlement Agreement and Release and exhibits attached thereto (Doc. #23-1), and the declarations of William Wickersham (Doc. #23-2) and Thomas Bender (Doc. #25). Having done so, the parties' motions (Docs. #22-23) are granted, and the Court orders as follows:

1. The parties have agreed to settle and resolve this matter based upon the terms and conditions set forth in the Settlement Agreement and Release. Doc. #23-1.

2. The Settlement Agreement and Release, including exhibits thereto, is preliminarily approved as fair, reasonable, and adequate, subject to further consideration at the Final Fairness Hearing, which is discussed *infra*.

3. The definitions in the Settlement Agreement and Release are hereby incorporated as though fully set forth in this Order, and capitalized terms shall have the meanings attributed to them in the Settlement Agreement and Release.

4. Plaintiffs Arthur Famuliner and Russ Mapes ("Plaintiffs"), by and through their counsel, investigated the facts and law relating to the matters alleged in the Petition, conducted extensive legal research as to the sufficiency of the claims, and evaluated the risks associated with continued litigation, class certification, trial, and potential appeal.

5.	The Settlement was reached as the result of extensive arm's length negotiations between Plaintiffs' counsel and Defendants' counsel, and included, but was not limited to, mediation with Ron Mitchell in St. Louis, Missouri in March 2019.

6.	The Settlement confers substantial benefits upon the Settlement Class, particularly in light of the damages Plaintiffs and Class Counsel believe are potentially recoverable or provable at trial, and does so without the costs, uncertainties, delays, and risks associated with continued litigation, class certification, trial, and potential appeal.

7.	The Court conditionally certifies, for settlement purposes only, the following Settlement Class:

> All persons and other entities who purchased Super Tech 303 Tractor Hydraulic & Transmission Oil from Walmart Stores in Missouri at any point in time from August 30, 2013 to present, excluding those who purchased for resale. Also excluded from the Settlement Class are Defendants, including any parent, subsidiary, affiliate or controlled person of Defendants; Defendants' officers, directors, agents, employees and their immediate family members, as well as the judicial officers assigned to this litigation and members of their staffs and immediate families.

8.	Pursuant to the Settlement Agreement and Release and for purposes of settlement only, the Court preliminarily finds the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and 23(b)(3) have been satisfied in that:

(a)	The number Settlement Class members is so numerous that joinder of all members thereof is impracticable;

(b)	There are questions of law and fact common to the Settlement Class that predominate over any questions affecting only individual members of the Settlement Class;

(c)	Plaintiffs' claims are typical of the Settlement Class members' claims;

(d)	Plaintiffs have fairly and adequately represented the Settlement Class's interests and will continue to do so, and have retained experienced counsel to represent them;

(e)	A class action is superior to other available methods for the fair and efficient adjudication of the controversy; and

The Court also concludes that because this matter is being settled rather than litigated, it need not consider manageability issues that may be presented by the trial of a statewide class action involving the issues in this case. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591,

620 (1997). In making these findings, the Court has exercised its discretion in conditionally certifying, for settlement purposes only, the Settlement Class on a statewide basis.

9. Preliminary approval is appropriate Federal Rule of Civil Procedure 23 in that the monetary relief and other appropriate terms of the Settlement Agreement and Release are such that "giving notice is justified by the parties' showing that the Court will likely be able to (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal." This Court determines it "will likely be able to approve" the Settlement Agreement and Release pursuant to Rule 23(e)(2) because:

   (a) The class representatives and class counsel have adequately represented the class;

   (b) The proposal was negotiated at arm's length;

   (c) The relief provided for the class is adequate, taking into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing claims; (iii) the terms of the proposed award of attorneys' fees, including timing of payment; (iv) and any agreement required to be identified by Rule 23(e)(3); and

   (d) The proposal treats class members equitably relative to each other. With further regard to subsection (c)(iii), the Settlement Agreement and Release provides Defendants will separately pay the incentive awards and attorneys' fees and expenses awarded by the Court, up to the thirty-three percent cap, in the same timeframe as the Class Settlement Fund is to be paid. With further regard to subsection (c)(iv), there are no agreements other than the Settlement Agreement and Release presented to the Court for approval.

10. The Court appoints Tom Bender and Dirk Hubbard from the law firm of Horn Alyward & Bandy LLC; Gene Graham, William Carr, and Bryan White from the law firm of White, Graham, Buckley & Carr, LLC; and Clayton Jones from the Clayton Jones Law Firm in Raymore, Missouri, as counsel for the Settlement Class ("Class Counsel"). For purposes of these settlement approval proceedings, the Court finds Class Counsel are competent and capable of exercising their responsibilities as Class Counsel.

11. The Court designates named Plaintiffs Arthur Famuliner and Russ Mapes as the representatives of the Settlement Class.

12. The Court appoints RG/2 Claims Administration LLC to serve as the Settlement Administrator, which shall perform the Settlement Administrator's duties as set forth in the Settlement Agreement and Release.

13. By this Order, the Court exercises subject matter and personal jurisdiction over the Settlement Class for purposes of evaluating the final certification of the Settlement Class and the fairness and adequacy of the Settlement.

14. A Final Fairness Hearing will be held at 10:00 a.m. on March 3, 2020, in Courtroom 8C at the Charles Evans Whittaker Courthouse, 400 East Ninth Street, Kansas City, Missouri 64106. At the hearing, the Court will consider: (a) the fairness, reasonableness, and adequacy of the Settlement; (b) the entry of any final order and/or judgment in this matter with respect to the Settlement Class; (c) applications for Representative Plaintiff Awards for services rendered; (d) applications for attorneys' fees and expenses; and (e) other related matters. The hearing may be postponed, adjourned, or continued by the Court without further notice to the Settlement Class members. After the hearing, the Court may enter a final order and judgment in accordance with the Settlement Agreement and Release adjudicating the rights of the Settlement Class members with respect to the claims being settled.

15. Pending the Final Fairness Hearing, all proceedings in this matter, other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreement and Release and this Order, are stayed.

16. The Court approves the form and content of the Long Form Notice attached as Exhibit D (Doc. #23-1, at 69-84) and Summary Notice attached as Exhibit E (Doc. #23-1, at 85-86) to the Settlement Agreement and Release.

17. The Court finds the Long Form Notice and Summary Notice are reasonable; constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and meet the requirements of due process and Federal Rule of Civil Procedure 23. The Court finds the manners of dissemination of the Long Form Notice and Summary Notice described herein comply with Federal Rule of Civil Procedure 23(e) as they are reasonable manners of providing notice to the Settlement Class members who would be bound by the Settlement. The Court also finds the manners of dissemination of the Long Form Notice and the Summary Notice described herein comply with Rule 23(c)(2) as they are the best practicable notices under the circumstances, provide individual notice to all Settlement Class members who can be identified through a reasonable effort, and are reasonably calculated, under all the circumstances, to apprise the Settlement Class members of the pendency of this matter, the

terms of the Settlement, and their right to object to the Settlement or exclude themselves from the Settlement Class.

      18. Settlement Class members may request the particularized Long Form Notice and Claim Form through the Settlement Website and Settlement Administrator. The Settlement Class members will have until the date identified herein to submit Claim Forms.

      19. Notice shall be provided to the Settlement Class members in compliance with the following procedures:

      (a) Within ten business days after entry of this Order, Defendants shall provide to the Settlement Administrator, to the extent available, the full name and last known address of each member of the Settlement Class and, where available, the number of five-gallon buckets of Super Tech 303 Tractor Hydraulic & Transmission Oil purchased by each Settlement Class member during the Class Period.

      (b) Within thirty calendar days after receipt of the information set forth in the immediately preceding paragraph, the Settlement Administrator shall mail by bulk mailing Long Form Notices in substantially the form attached to the Settlement Agreement as <u>Exhibit D</u> to the last known mailing address of each member of the Settlement Class. The Long Form Notice shall be accompanied by a Claim Form substantially in the form attached to the Settlement Agreement as <u>Exhibit C</u>. The date on which the Settlement Administrator first mails direct mail notice pursuant to this paragraph shall be the "Notice Date." For any initial direct mail notice returned as undeliverable within twenty-one calendar days after mailing, the Settlement Administrator shall attempt to locate a new address through an address search or any other reasonably available means. If a new address is located, the Settlement Administrator shall promptly re-mail the initial notice. If, after a second mailing, the notice is again returned, no further efforts need be taken by the Settlement Administrator to send the direct mail notice.

      (c) Within thirty calendar days after entry of this Order, but no later than the Notice Date, the Settlement Administrator shall: (1) secure and maintain a Post Office Box or similar mailing address for the receipt of Claim Forms, opt-out notices, and any other correspondence related to the Settlement; and (2) establish a unique, case-specific e-mail address for online receipt of Claim Forms, opt-out notices, and any other correspondence related to the Settlement.

(d) Within thirty calendar days after entry of this Order, but no later than the Notice Date, the Settlement Administrator shall create and maintain an operating website (the "Settlement Website") that: (1) contains downloadable copies of the Court's Preliminary Approval Order, Long Form Notice, the Settlement Agreement and Release, Claim Form, and, when filed, motions for attorneys' fees, expenses, and/or incentive fees for the Settlement Class representatives; (2) post subsequent notices agreed upon by the Parties; and (3) allows Settlement Class members to submit claims.

(e) Within thirty calendar days after entry of this Order, but no later than the Notice Date, the Claims Administrator shall set up a toll-free telephone number for receiving toll-free calls related to the Settlement. That telephone number shall be maintained until sixty calendar days after the Bar Date.[1] After that time, and for a period of ninety calendar days thereafter, a person or a recording will advise callers to the toll-free telephone number that the deadline for submitting claims has passed and the details regarding the Settlement may be reviewed on the Settlement Website.

(f) On the Notice Date or as close thereto as reasonably practicable under the circumstances, the Settlement Administrator shall cause the Summary Notice in substantially the form attached as <u>Exhibit E</u> to the Settlement Agreement and Release be published in the following publications:

    i.    Missouri Farmer Today
    ii.    Springfield News Leader
    iii.    Kansas City Star
    iv.    St. Louis Post-Dispatch
    v.    Columbia Daily Tribune
    vi.    Jefferson City News Tribune
    vii.    St. Joseph News-Press
    viii.    Daily American Republic
    ix.    Southeastern Missourian
    x.    The Examiner
    xi.    Joplin Globe
    xii.    Hannibal Courier-Post

---

[1] As set forth *infra*, the "Bar Date" shall be one hundred fifty (150) calendar days after the Notice Date unless otherwise extended by written agreement of the parties' counsel, provided the Settlement Website is promptly updated to reflect an extension of the Bar Date.

The Summary Notice shall be published once in each publication, with the notice to be approximately one-half page in size for Missouri Farmer Today and approximately one-eighth page in size for the remaining publications, said sizes subject to reasonable modification, as necessary, by agreement of the Parties and with the approval of the Settlement Administrator.

(g) The Settlement Administrator shall mail a Claim Form to each person and/or entity that makes such request.

(h) Claim Forms shall be available through the Settlement Website.

20. Each Settlement Class member who wishes to be excluded from the Settlement Class and follows the procedures set forth in this Paragraph shall be excluded:

(a) Putative class members wishing to opt out of the Settlement must send a written request to be excluded from the Settlement to the Settlement Administrator. The written request must be sent on or before the Bar Date, and must be sent via fax, United States mail, e-mail, or electronically via the Settlement Website. The request to be excluded from the Settlement Class must include the member's name, address, and telephone number, and must provide a clear statement communicating that he, she, or it elects to be excluded from the Settlement Class, does not wish to be a Settlement Class Member, and elects to be excluded from any judgment entered pursuant to the Settlement.

(b) Any request for exclusion or opt out sent to the Settlement Administrator by United States mail must be postmarked on or before the Bar Date. The date of the postmark on the mailing envelope shall be the exclusive means used to determine whether a request for exclusion sent by United States mail has been timely submitted.

(c) Settlement Class members who fail to submit a valid and timely request for exclusion on or before the date specified in this Order shall be bound by all terms of the Settlement Agreement and Release and the Court's Final Order and Judgment, regardless of whether they requested exclusion from the Settlement.

(d) All persons or entities who properly elect to opt out of the Settlement shall not be Settlement Class members and shall relinquish their rights to benefits with respect to the Settlement Agreement and Release, should the Settlement be approved.

21. Any Settlement Class member who has not timely submitted a written request for exclusion from the Settlement Class, and thus is a Settlement Class member, may ask the Court to deny approval by filing an objection. Settlement Class members cannot ask the Court

to order a larger settlement; the Court can only approve or deny the settlement. If the Court denies approval, no settlement payments will be sent out, and the lawsuit will continue. If a Settlement Class member wants that to happen, he/she must object in accordance with the following procedure:

    (a)    A Settlement Class member who intends to object to the fairness, reasonableness, or adequacy of the Settlement must, by no later than the Bar Date:

        i. File a written objection with the Court either by mailing it to Office of the Clerk of Court, United States District Court for the Western District of Missouri, 400 East Ninth Street, Kansas City, Missouri, 64106; by filing it in person at any location of the United States District Court for the Western District of Missouri; or by electronic filing; and

        ii. Serve a copy of the same on counsel for the parties at the addresses set forth in the Settlement Agreement.

    (b)    In the written objection, the Settlement Class member must provide the information required on the Claim Form, state the member's full name, current address, telephone number, the reason(s) for the objection, whether he/she intends to appear at the Final Fairness Hearing on his/her own behalf or through counsel, and a list of all cases in which the objector or objector's counsel has objected to a class-action settlement in the last five years. Documents supporting the objection must also be attached to the written objection, and if the objecting Settlement Class member intends to call witnesses at the Final Fairness Hearing, those witnesses must be identified by providing each witness's name, address, and telephone number. Objections must be signed by the member of the Settlement Class or by his/her counsel. Any Settlement Class member who fails to file and timely serve written objections in the manner specified herein shall be deemed to have waived all objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

    (c)    Any Settlement Class member who timely filed a written objection, as provided for herein, may appear at the Final Fairness Hearing, either in person or through an attorney hired at the Settlement Class member's own expense to object to the fairness, reasonableness, or adequacy of the Settlement. A Settlement Class member or his/her counsel intending to make an appearance at the Final Fairness Hearing must: (i) file a notice of appearance with the Court no later than ten business days prior to the Final Fairness Hearing; and (ii) serve a copy of such notice of

appearance on counsel for all Parties. The Court may impose reasonable limitations on the number of witnesses permitted to testify along with reasonable time limits on any such testimony.

22. Class Counsel shall file their application(s) for attorneys' fees and expenses by no later than ten business days before the Bar Date.

23. Papers in support of final approval of the Settlement Agreement and Release, and in response to any objections to the Settlement Agreement and Release or Class Counsels' fee application, shall be filed with the Court by no later than ten business days before the date of the Final Fairness Hearing.

24. The Bar Date shall be one hundred fifty calendar days after the Notice Date. The Bar Date may be extended by written agreement of the parties through Class Counsel and Defense Counsel without further approval of the Court or notice to the Settlement Class, provided the Settlement Website is promptly updated to reflect any extension of the Bar Date.

25. These dates of performance may be extended by Order of the Court, for good cause shown, without further notice to the Settlement Class. Settlement Class members may check the Settlement Website regularly for updates and further details regarding extensions of these dates of performance. Settlement Class members may also access the Court's docket in this matter through the Public Access to Court Electronic Records (PACER) system at https://www.mow.uscourts.gov/, or by visiting the office of the Clerk of the Court for the United States District Court for the Western District of Missouri, 400 East Ninth Street, Kansas City, Missouri, 64106, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

26. If, for any reason, a Final Order and Judgment as contemplated in the Settlement Agreement and Release is not entered, the Settlement Agreement and Release is terminated pursuant to its terms, or the Effective Date does not occur, the following shall apply:

(a) All orders and findings entered in connection with the Settlement Agreement and Release shall become null and void and have no force and effect, and shall be subject to use and reference limitations agreed to by the parties to the Settlement Agreement and Release;

(b) The conditional certification of the Settlement Class pursuant to this Order shall be vacated automatically, and this matter shall proceed as though the Settlement Class had never been certified pursuant to the Settlement Agreement and Release and this Order;

(c) The Court's prior Orders not pertaining to preliminary certification of the Settlement Class shall, subject to this Order, remain in force and effect, subject to extensions or modifications of deadlines as appropriate under the circumstances and in the Court's discretion; and

(d) Nothing in this Order or pertaining to the Settlement Agreement and Release, including documents or statements generated or received pursuant to the claims administration process, shall be used as evidence in any further proceeding in this case except as agreed to by the parties to the Settlement Agreement and Release.

27. Pending final determination of whether the proposed settlement should be approved, no Settlement Class member (directly, derivatively, in a representative capacity, or in any other capacity) may commence or continue an action against any of the Released Parties in any court or tribunal asserting any of the Released Claims (as that term is defined in the Settlement Agreement and Release).

28. Nothing contained in this Order is, or may be construed as, a presumption, concession, or admission by or against Defendants, or any Released Party (as that term is defined in the Settlement Agreement and Release) of any alleged or asserted default, liability, or wrongdoing as to any facts or claims alleged or asserted in this matter, or in any actions or proceedings, whether civil, criminal, or administrative.

29. Class Counsel and Defense Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Settlement Agreement and Release, including making, without further approval of the Court, minor changes to the form or content of the Long Form Notice, Summary Notice, and other exhibits to the Settlement Agreement and Release that they jointly agree are reasonable or necessary.

IT IS SO ORDERED.

DATE: June 21, 2019

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT