IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ARTHUR FAMULINER and<br>RUSS MAPES,<br>each on behalf of himself<br>and others similarly situated;<br><br>           Plaintiffs,<br><br>v.<br><br>WALMART, INC., et al.<br><br>           Defendants. | Case No. 4:19-cv-00060-ODS |

**UNOPPOSED MOTION FOR FINAL APPROVAL
OF PROPOSED CLASS ACTION SETTLEMENT**

COME NOW Plaintiffs Arthur Famuliner and Russ Mapes ("Plaintiffs"), by and through their respective undersigned counsel and with the non-opposition of Defendants Walmart, Inc. and Warren Distribution, LLC (referred to herein collectively as the "Defendants"), and move the Court for entry of an order and judgment substantially in the form attached hereto as Exhibit 1-B granting final approval of the Parties' Settlement Agreement and Release filed herewith as Exhibit 1. In support of their Motion, Plaintiffs respectfully state as follows:

1. On or about April 26, 2019, the Parties entered into the Settlement Agreement and Release in this matter (the "Settlement Agreement"). The Settlement Agreement provided an opportunity for Class Members to obtain substantial relief, including direct monetary payments, if they had purchased Super Tech 303 Tractor Hydraulic & Transmission Oil ("Super Tech 303") in the state of Missouri between August 30, 2013 and the present. The Settlement Agreement is attached to this Motion as Exhibit 1 with the following exhibits attached to Exhibit 1 as follows:

        Exhibit A – Preliminary Approval Order

> Exhibit B – Final Approval Order
>
> Exhibit C – Claim Form and Instructions
>
> Exhibit D – Long Form Class Notice
>
> Exhibit E – Summary Class Notice
>
> Exhibit F – Repair/Parts Fund Claims Review Process
>
> Exhibit G – Notice Plan

(*See* Settlement Agreement, Exhibit 1).

2. On June 4, 2019, this Court entered an order granting preliminary approval of the Settlement Agreement, titled "Order and Opinion (1) Granting Parties' Joint Motion to Stay, (2) Preliminarily Approving Proposed Class Action Settlement, and (3) Setting Final Fairness Hearing." (the "Preliminarily Approval Order") (See Doc. 27). The Settlement Class certified was as follows:

> All persons and other entities who purchased Super Tech 303 Tractor Hydraulic & Transmission Oil at Walmart Stores in Missouri at any point in time from August 30, 2013 to present, excluding those who purchased for resale. Also excluded from the Settlement Class are Defendants, including any parent, subsidiary, affiliate or controlled person of Defendants; Defendants' officers, directors, agents, employees and their immediate family members, as well as the judicial officers assigned to this litigation and members of their staffs and immediate families.

(Doc. 27, par. 7).

3. Since that time, and as explained in more detail in the Declaration of Tina Chiango filed herewith, the Court-appointed Settlement Administrator, RG/2 Claims Administration LLC ("RG/2"), has implemented the Court-approved notice and claims administration process as set forth in the Settlement Agreement and the Preliminarily Approval Order. (*See generally* T. Chiango Decl., Exhibit 2, hereto). In addition, with approval of the Court, additional published notice was made in newspapers and on the Ag Radio network in Missouri, and the claims period was extended from January 4, 2020 to February 18, 2020. (See Doc. 33).

4. With the extended claims period closing, the Parties, pursuant to the Settlement Agreement and the Court's Preliminary Approval Order, now respectfully request that the Court enter an order, in substantially the form of the proposed Final Approval Order attached hereto as Exhibit 1-B, granting final approval of the class-action settlement memorialized in the Settlement Agreement. As set forth more fully in Exhibit 1-B, the requested order gives final approval to the Settlement Agreement and, among other things:

    (a) finds that the notice provided satisfies the requirements of due process and Fed. R. Civ. P. 23(e)(1);

    (b) finds that Settlement Class Members have been adequately represented by the Class Representatives and Class Counsel;

    (c) finds that the Settlement Agreement is fair, reasonable and adequate to the Settlement Class, that each Settlement Class Member shall be bound by the Settlement Agreement, including the release and the covenant not to sue set forth in the Settlement Agreement, and that the Settlement Agreement should be and is finally approved;

    (d) dismisses on the merits and with prejudice this action, including all claims of the Settlement Class Members asserted against Defendants, with each Party waiving all rights to appeal and waiving all rights to seek reimbursement of attorneys' fees or costs (except as expressly provided in the Settlement Agreement);

    (e) permanently enjoins each and every Settlement Class Member from bringing, joining, or continuing to prosecute any Released Claims against any of the Released Parties; and,

3

Case 4:19-cv-00060-ODS   Document 36   Filed 02/18/20   Page 3 of 8

(f) retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of the Settlement Agreement.

5. In further support of the adequacy and appropriateness of the Settlement Agreement, including the notice provided to Settlement Class Members, the processing of claims, and the expected distribution of the Class Settlement Fund, the Declaration of Tina Chiango, Director of Claims Administration, Securities, and Antitrust for RG/2, the Court-approved Settlement Administrator, is attached hereto as Exhibit 2.

6. Pursuant to this Court's Preliminary Approval Order and as set forth in more detail in Ms. Chiango's declaration, on August 7, 2019, the Long Form Class Notice was successfully emailed to 141 and mailed to 6 Members of the Settlement Class. (*See* T. Chiango Decl., Ex. 2, ¶¶ 6-7). Those same Class Members, if they had not already filed a Claim Form, were subsequently sent Mailed Notice and also provided a supplemental Notice indicating the number of buckets purchased based on Walmart's records, with each being informed there was no need to file a claim form in order to receive their Part A award. (*See id.* ¶¶ 11, 13).

7. Further, and as set forth in more detail in Ms. Chiango's declaration, publication notice was provided through various print and electronic media to Class Members for whom no direct mailing contact information was available. (*See id.* ¶¶ 8-10). Additional publication notice was provided in January of 2020 in newspapers and on the Ag Radio network in Missouri. (*See id.* ¶¶ 15-16).

8. In accordance with this Court's Preliminary Approval Order, and as extended by this Court's subsequent Order, Class Members have until February 18, 2020 by which to file objections to the Settlement. As of this filing, no Class Member has filed an objection. (*See, e.g.,*

T. Chiango Decl., Ex. 2, ¶ 17).

9. In accordance with this Court's Preliminary Approval Order, and as extended by this Court's subsequent Order, Class Members have until February 18, 2020 by which to opt-out of the Settlement. As of the present date of February 18, 2020, no Class Member has opted out. (*See* T. Chiango Decl., Ex. 2, ¶ 17).

10. Approximately $330,000 of the $400,000 Class Settlement Fund will be distributed to Settlement Class Members. The remaining $70,000 will pay (a) $20,000 of the reasonable costs, fees, and expenses (including any tax-related expense associated with the fund) of providing notice to the Settlement Class and administering the settlement, all pursuant to the terms of the Settlement Agreement; and, (b) $50,000 for the costs associated with the Additional Published Notice Plan, as approved by the Court.

11. Of the $330,000 in payments to Class Members to be made upon Final Approval, $26,450.00 is to be paid to Class Members who submitted valid claims for Part A bucket relief at $25 per bucket, representing 1,058 five-gallon buckets. (*See id.* ¶ 20). This is approximately 10% of the number of five-gallon buckets sold by Walmart in Missouri during the Class Period. Plaintiffs' counsel had previously estimated that there were 5,000 Class Members but this estimate was not correct. A more accurate estimate is that there are between 1,000 and 2,000 Class Members, as Walmart sold only 10,000 of the five-gallon buckets of Super Tech 303 in Missouri and the average number of purchases per Class Member over the five-year Class Period is closer to ten than two.

12. The remaining $303,550.00 of the Class Settlement Fund will be awarded to those Class Members who submitted valid claims for repairs, parts, and/or specific equipment damage that resulted from use of the Super Tech 303. Those claims include more than 120 pieces of

equipment and repairs and/or damage to hydraulic pumps, power steering lines, hydraulic control valves, hydraulic cylinder seals, bucket cylinders, hydraulic hoses, drive motors, transmissions, clutches, hydrostats, wheel motors, power steering pumps and gearboxes, reservoirs, o-rings, filters, valves, and drive trains.  (*See id.* ¶ 20).

13. The total of valid claims submitted by Class Members for repairs, parts, and/or specific equipment damage was $426,113.97.  Pursuant to the settlement agreement, Class Members will receive a pro rata award since this is more than the $303,550.00 to be distributed for this type of relief.  Accordingly, each will receive 71 % of the valid amount claimed for repairs, parts, and/or specific damages to equipment.

14. The Settlement Administrator, Class Counsel, and Defendants' Counsel agreed on all claim evaluations and determinations.  A total of 181 Claims were determined to be valid, and 13 Claims determined to not be valid.  Claim denial letters were sent to these 13 claimants based on reasons such as the claim form failing to provide valid information and/or providing invalid information regarding store location, equipment, and/or repairs.  Each claimant receiving such a denial letter is being given 21 days to provide additional supporting information or documentation.  (*See id.* ¶¶ 19-20).

15. The total cost of Notice and Settlement Administration, including the additional notice and anticipated future costs, is estimated to be $91,339.73.  (*See id.* ¶¶ 21).

16. This Motion has been provided to counsel for Defendants, and Defendants have indicated they have no objection to this Motion and that said Motion is in accordance with the Class Settlement Agreement.

17. In further support of this Unopposed Motion, Plaintiffs file concurrently herewith their Memorandum in Support of Unopposed Motion for Final Approval of Proposed Class Action Settlement.

6

WHEREFORE, Plaintiffs respectfully request the Court enter the proposed Final Approval Order attached hereto as Exhibit 1-B and grant the Parties such other and further relief as is just and proper.

Date: February 18, 2020

Respectfully submitted,

WHITE, GRAHAM, BUCKLEY,
& CARR, L.L.C
BY: /s/ Gene P. Graham, Jr.
    Gene P. Graham, Jr.   MO 34950
    William Carr   MO 40091
    Bryan T. White   MO 58805
    19049 East Valley View Parkway
    Independence, Missouri 64055
    (816) 373-9080
    Fax: (816) 373-9319
    ggraham@wagblaw.com
    bcarr@wagblaw.com
    bwhite@wagblaw.com

HORN AYLWARD & BANDY, LLC
BY: /s/ Dirk Hubbard
    Thomas V. Bender   MO 28099
    Dirk Hubbard   MO 37936
    2600 Grand, Ste. 1100
    Kansas City, MO 64108
    (816) 421-0700
    (816) 421-0899 (Fax)
    tbender@hab-law.com
    dhubbard@hab-law.com

CLAYTON JONES, ATTORNEY AT LAW
BY: /s/ Clayton A. Jones
    Clayton Jones   MO 51802
    405 Foxwood Dr.
    Raymore, MO 64083
    Office: (816) 318-4266
    Fax: (816) 318-4267
    clayton@claytonjoneslaw.com

**ATTORNEYS FOR PLAINTIFFS
AND CLASS MEMBERS**

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that this document was filed electronically with the United States District Court for the Western District of Missouri, with notice of case activity to be generated and sent electronically by the Clerk of the Court to all designated persons this 18th day of February, 2020.

                                                       */s/ Dirk Hubbard*